McIlvaine, J.
The plaintiff in error seeks to maintain its right to prosecute the original action under the authority of the act of March 23, 1869, supplementary to the act of May 1, 1852, to provide for the creation and regulation of incorporated companies in the State of Ohio (66 Ohio L. 36), which reads as follows: “ That where, heretofore or hereafter, by reason of the extension, enlargement, or creation of the corporate limits of any city, town, or village, in which any plankroad terminates, any portion of such plankroad is included therein so as to bring within such limits, or within eighty [rods] thereof, any toll-gate *590 previously erected by such plankroad company, so much of said plankroad as is so included within said limits shall be and become a public street of said city, town, or village, and shall be maintained and kept in repair as other streets, but no toll shall be collected thereon ; and the said city, town, or village, shall cause the same to be condemned and appropriated for use as such, according to the laws regulating the appropriation and condemnation of private property for similar uses, being liable in a civil action at the suit of such company for the value of their interest in such portion of the road.”
The defendant in error does not deny the right of a plankroad corporation to prosecute a civil action under this statute in a case such as is stated in the original petition, but contends that the plaintiff in error is not a plankroad company, within the meaning of this statute, or, in other words, that the plaintiff corporation is not invested with the rights of a plankroad company, within the meaning of the statute.
The general act of 1852 authorized the incorporation of turnpike companies and of plankroad companies by the same section (44). S. Jk, C. 282. And these were distinguished by the character of the road to be constructed, as named in their certificate of incorporation, namely: a turnpike or a plankroad. But save the. difference in the character of their structures, no distinction was made between them. In the certificate of incorporation the character of the road was required to be named—a turnpike or a plankrqad, one or the other, but not both; so that, without regard to the name or style of the corporation, it was a turnpike or a plankroad company, according to the description of the road as given in its certificate of incorporation. These companies were authorized to raise money for the construction of roads by subscription of stock, and to. collect toll from persons using- the roads.
On the 15th of April, 1857, the legislature passed an act identical with that of March 23, 1869, above quoted, save only, the act of 1857 was made applicable, by its terms, to *591 turnpike companies as well as plankroad companies. (S. & C. 389.
The act of 1857 was repealed April 6, 1866, and a similar statute substituted, limited, however, to cities of the first class, and conferring the power of negotiation between the city and the owner of the road, instead of declaring the liability of the former to the latter in a civil action. (S. & S. 841.)
This latter act w7as repealed May 7, 1869, by the municipal code, which contained other provisions in relation to’ turnpikes and plankroads within the corporate limits of a city or village, but no right of action was given to such companies agaiust the city or village, except a proceeding by mandamus to compel the city to keep condemned portions of such roads in repair. (Mun. Code, sec. 598; 66 Ohio L. 250.)
On March 30,1875, section 598 of the municipal code was amended by adding thereto as follows: “And if any city has heretofore extended, or shall hereafter extend, its limits, so as to include therein a portion of any turnpike raad, -without purchasing or condemning the same, the city council of such city shall, within six months after the mayor shall have been notified in writing that such company demands compensation therefor, proceed, in the manner prescribed in chapter 47 of this act, to cause such portion of such turnpike road to be condemned for street purposes; and, on failure of such city council so to proceed, the president of such turnpike company, if authorized by the directors thereof, may file an application in the court of common pleas of the proper county, setting forth the facts aforesaid, and asking that the value of such portion of such turnpike may be assessed by a jury; and said cause shall be conducted to final judgment, in the manner provided in said chapter 47,” etc.
It thus appears that although turnpike companies and plankroad companies were at first placed on the same footing, with regard to such portions of their roads as were brought within the limits of municipal corporations, a dis *592 tinction is now made. Plankroad companies are entitled to a civil action against the municipality for their interest, in case an appropriation is not effected, under the act of March 23, 1869, whereas turnpike companies are confined to their remedy under proceedings to appropriate, as prescribed in section 598 of the municipal code of March 30, 1875.
Now, it is true that the plaintiff in error is the owner of a plankroad,'and not of a turnpike; but after the right to a civil action had been conferred by the act of March 23, 1869, upon plankroad companies, the legislature, by the 19th section of the act of May. 7,1869, under which the plaintiff' in error was incorporated, placed it upon the footing of turnpike companies. The section reads thus: “ That said company, so incorporated, shall have the same powers and be subject to the same liabilities as other turnpike companies incorporated under the laws of the state now or hereafter enacted.” All corporations created under this act must be treated as turnpike companies, although the corporators had been assessed, under the act of 1867, for the expense of constructing a plankroad; and, therefore, their only remedy for the recovery of the value of their property, when taken for a public use, by the extension of the limits of a city, is that prescribed in amended section 598 of the municipal code.

Motion overruled.